UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

MICHAEL ANDREW BOYD, #1201467,

    Petitioner,

v.                 2:11cv205

HAROLD W. CLARKE,
Director of Virginia Department of Corrections,

    Respondent.

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

  This matter was initiated by petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter was referred to a United States Magistrate Judge pursuant to the provisions of 28 U.S.C. §§ 636(b)(1)(B) and (C) and Rule 72(b) of the Federal Rules of Civil Procedure. Because the petition is both procedurally defaulted and time barred, the undersigned recommends it be dismissed.

**I. STATEMENT OF THE CASE**

  On October 12, 2007, in the Circuit Court of the City of Newport News, petitioner Michael Andrew Boyd ("petitioner" or "Boyd") was convicted, upon his guilty pleas, of object sexual penetration, forcible sodomy, and three counts of aggravated sexual battery. The court sentenced him to a total of seventy years imprisonment, with fifty years suspended. (Newport News

1

Sentencing Order, Resp.'s Mot. to Dismiss, Ex. 1, ECF No. 12-1). On November 9, 2007 the Circuit Court of the City of Hampton convicted petitioner, upon his guilty pleas, of two counts of object sexual penetration, two counts of forcible sodomy, and four counts of aggravated sexual battery. The Hampton Circuit Court sentenced him to a total of thirty-four years in prison, but ordered the sentences for two counts of object sexual penetration and two counts of forcible sodomy to run concurrently with the sentences imposed in the Newport News Circuit Court. (Hampton Cir. Ct. Sentencing Tr., Case No. GC0700102100-07 at 31-34; Hampton Sentencing Order, Resp.'s Mot. to Dismiss, Ex. 2, ECF No. 12-2). Thus, Boyd is serving an active sentence of twenty-nine years in prison, with fifty years suspended upon his release. Boyd did not appeal either of his convictions, nor did he file state habeas petitions for either case.

On or about May 11, 2011, Boyd, proceeding pro se, filed the present federal habeas petition seeking relief under 28 U.S.C. §2254. (Pet., ECF No. 4).[1] In the petition Boyd challenges both of his convictions, arguing that:

> 1) The Commonwealth "threaten[ed] to charge [him] with admissible evidence if he didn't take the plea that was offered." The Commonwealth and his attorney conspired to arrange the plea agreement, and in recommending it, none of

---

[1] Boyd signed and dated his petition May 11, 2011. However, it was filed with the Court on May 19, 2011.

2

his attorneys "request[ed] a DNA to demonstrate the seriousness of this issue." (Pet., ECF No. 4 at 5-6).;

2) One of his attorneys convinced his other two attorneys to deceive and threaten him by advising him that if he did not plead guilty, his sentence may be more severe. He did not understand the law or how the plea would have affected his Constitutional rights, and was "offered improper inducement to enter a plea agreement." Id. at 7-8.;

3) He "was never arrested, because no one read him his rights on any Indictment… instead, he went down to the Police Dept. on his own because he had heard that somebody had filed a Criminal Report on him for some type of assault…." Id. at 10.

On July 26, 2011, respondent filed a Rule 5 Answer and Motion to Dismiss, along with a brief in support. (ECF Nos. 10, 11, and 12). In accordance with Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975) and Local Rule 7(K), Petitioner was advised of his right to file opposing affidavits, statements, exhibits and legal memoranda, as well as the possible consequences of failing to oppose Respondent's filing. Boyd responded on August 12, 2011, and Respondent's Motion to Dismiss is now ripe for judicial review.

## II. RECOMMENDED FINDINGS OF FACT AND CONCLUSIONS OF LAW

### A. The claims in Boyd's petition are procedurally defaulted.

Habeas petitions filed pursuant to 28 U.S.C. § 2254 challenge a state's custody over a petitioner on the grounds that such custody violates the "Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Before applying for federal habeas relief, however, a petitioner must first exhaust

3

the remedies available in state court or demonstrate the absence or ineffectiveness of such remedies. 28 U.S.C. § 2254(b)(1). Therefore, before a state prisoner can apply for federal habeas relief, he must first give the state court an opportunity to consider alleged constitutional errors occurring in a state prisoner's trial and sentencing. Breard v. Pruett, 134 F.3d 615, 619 (4th Cir. 1998). "To satisfy the exhaustion requirement, a habeas petitioner must fairly present his claim to the state's highest court." Matthews v. Evatt, 105 F.3d 907, 911 (4th Cir. 1997); see Picard v. Connor, 404 U.S. 270, 275-76 (1971).

By his own admission in his Petition, Boyd did not appeal his case, nor did he file a state habeas petition. (Pet., ECF No. 4). Thus, the Virginia courts have not had the opportunity to consider any of Boyd's claims. However, "[a] claim that has not been presented to the highest state court nevertheless may be treated as exhausted if it is clear that the claim would be procedurally barred under state law if the petitioner attempted to present it to the state court." Baker v. Corcoran, 220 F.3d 276, 288 (4th Cir. 2000) (citing Gray v. Netherland, 518 U.S. 152, 161 (1996)). This is the case with Boyd's claims, and thus they are procedurally defaulted.

Procedural default "… occurs when a habeas petitioner fails to exhaust available state remedies and 'the court to which the petition would be required to present his claims in order to

4

meet the exhaustion requirement would now find the claims procedurally barred.'" Breard v. Pruett, 134 F.3d 615, 619 (4th Cir. 1998) (quoting Coleman v. Thompson, 501 U.S. 722, 735 n.1 (1991)). Boyd would now be precluded from pursuing his claims in state court. His thirty-day period for filing a direct appeal has expired pursuant to Va. Sup. Ct. R. 5:9(a), and his time for filing a state habeas corpus petition has likewise run under Virginia Code §8.01-654(A)(2) because more than two years have elapsed since Boyd's conviction. Thus, the Court finds that, for the purposes of federal review, Boyd's claims are simultaneously exhausted and procedurally defaulted.

Boyd may only overcome procedural default and obtain federal review on the merits of the case, if he is able to demonstrate cause and prejudice for the default or demonstrate that failure to review the claims will result in a fundamental miscarriage of justice. Coleman, 501 U.S. at 750; Savino v. Murray, 82 F.3d 593, 602 (4th Cir. 1996). Here, Boyd cannot meet the burden required to avoid procedural default under this exception because he has not shown some objective factor – external to the defense – that impeded his ability to comply with the state procedural rule. Murray v. Carrier, 477 U.S. 478, 488 (1986).

The only reasons Boyd articulates with respect to his failure to appeal are "I was afraid" and "I didn't know because I wasn't advised by any Attorney." (Pet., ECF No. 4 at 2, 5). In his brief in Response, Boyd states another reason-- that he "was prevented [from filing] his claim because the Newport News and Hampton Court Division thought petitioner's claim was egregious and wrongful…." (Resp., ECF No. 14 at 4). None of these arguments contain factual support, nor do they demonstrate any objective factor external to the defense, that impeded his ability to comply with the state procedural rule. <u>Murray</u>, 477 U.S. at 488. Moreover, Boyd's contention that he did not know he could appeal is expressly rebutted in an acknowledgement and waiver of appeal form he received from his attorney, which he completed and signed, and attached as Exhibit H to his original petition. (ECF No. 1-1 at 12).

The Court also notes that Boyd does not present any arguments with respect to a miscarriage of justice. He does not claim that he is actually innocent of the crime, nor does he present "new reliable evidence" supporting a claim of actual innocence. See <u>Sharpe v. Bell</u>, 593 F. 3d 372, 377 (4th Cir. 2010); <u>Schlup v. Delo</u>, 513 U.S. 298, 324, (1995) Accordingly, the Court finds that Boyd's claims are simultaneously exhausted and procedurally defaulted, and that he has additionally failed to show cause and prejudice for the default, or demonstrate that

6

failure to review the claims will result in a fundamental miscarriage of justice.

**B. Boyd's petition is time-barred.**

In addition to being procedurally defaulted, Boyd's habeas claims in this Court are time- barred. The provisions of the Anti-Terrorism and Effective Death Penalty Act (AEDPA) establish a one-year limitation for prisoners seeking federal habeas relief. Under 28 U.S.C. § 2244(d)(1) a district court is required to dismiss any petition for writ of habeas corpus filed more than one year after (i) the date judgment becomes final; (ii) any state-created impediment to filing a petition is removed; (iii) the United States Supreme Court recognizes the constitutional right asserted; or (iv) the factual predicate of the claim could have been discovered with due diligence. 28 U.S.C. § 2254(d)(1)(A) - (D). The time period during which state post-conviction or other collateral review is pending tolls the limitation period. 28 U.S.C. § 2254(d)(2).

In the present case, Boyd did not appeal either of his convictions, nor did he file any other collateral review that would have tolled the limitations period. Therefore, Boyd's October 12, 2007 conviction became final on November 12, 2007 and his November 9, 2007 conviction became final on December 10,

7

2007.[2] Boyd then had until November 12, 2008 for his first conviction and December 10, 2008 for his second conviction to file a federal habeas petition under 28 U.S.C. § 2244(d)(1). Boyd's petition was filed on May19, 2011, though it was notarized on May 11, 2011.[3] Thus, even using the earliest possible date, May 11, 2011, Boyd's federal habeas petition was filed over two years outside the limitations period.

Additionally, Boyd has not argued that he should be entitled to equitable tolling. Equitable tolling allows a pro se petitioner, in rare circumstances, to file a federal habeas petition outside the statute of limitations. This relief is available in two situations: (1) if petitioner was prevented from asserting his claims by some kind of wrongful conduct on the part of the defendant; or (2) extraordinary circumstances beyond petitioner's control made it impossible to file the claims on time. Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000) (citing Alvarez-Machain v. United States, 107 F.3d 696, 700 (9th Cir.1996). Boyd has not presented allegations with respect to these two circumstances, therefore, his federal habeas petition is time-barred.

---

[2] As Respondent correctly notes, both November 11, 2007 and December 9, 2007 fell on a Sunday. Boyd therefore had until the following Monday to appeal. Va. Sup. Ct. R. 5A:6.

[3] According to Lewis v. Richmond City Police Dept., the petition is considered "filed" when the prisoner delivers it to prison authorities for mailing to clerk of the district court. 947 F.2d 733 (4th Cir., 1991).

8

### III. RECOMMENDATION

Because Boyd's claims are procedurally defaulted and time-barred, and he has presented no factual basis upon which to excuse the default or statute of limitations, the undersigned recommends that Boyd's petition for writ of habeas corpus under 28 U.S.C. § 2254 be DENIED, and Respondent's Motion to Dismiss be GRANTED.

### IV. REVIEW PROCEDURE

By copy of this Report and Recommendation, the parties are notified that pursuant to 28 U.S.C. § 636(b)(1)(C):

1. Any party may serve upon the other party and file with the Clerk any written objections to the foregoing findings and recommendations within fourteen (14) days from the date of mailing of this Report to the objecting party, 28 U.S.C. § 636(b)(1)(C), computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

2. A district judge shall make a <u>de novo</u> determination of those portions of this report or specified findings or recommendations to which objection is made.

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in a waiver of right to appeal from a judgment

of this Court based on such findings and recommendations. <u>Thomas v. Arn</u>, 474 U.S. 140 (1985); <u>Carr v. Hutto</u>, 737 F.2d 433 (4th Cir.1984); <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir.1984).

                                        /s/
                            Douglas E. Miller
                         United States Magistrate Judge

DOUGLAS E. MILLER
UNITED STATES MAGISTRATE JUDGE

Norfolk, Virginia

November 28, 2011

## CLERK'S MAILING CERTIFICATE

    A copy of the foregoing Report and Recommendation was mailed this date to the following:

Michael Andrew Boyd  #1201467
Sussex II State Prison
24427 Musselwhite Drive
Waverly, VA 23891

Erin Marie Harrigan Kulpa
Office of the Attorney General
900 E Main St
Richmond, VA 23219

                                               Fernando Galindo,
                                               Clerk of Court

                                 By:_____
                                          Deputy Clerk

                                             _____, 2011